UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X    ECF CASE
MICHAEL C BUTLER
                                                                             14 CV 1372 (MKB)(VMS)
v.


NAVADA'S BAR AND LOUNGE, LLC d/b/a
MO'S FORT GREENE and/or MO's, CALVIN CLARK,
JAMES DANIELS & DAVID RANSOM
------------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

WHEREAS, MICHEAL C. BUTLER (herein as "Plaintiff"), and NAVADA'S BAR AND LOUNGE, LLC D/B/A MO'S FORT GREEN, CALVIN CLARK, JAMES DANIELS & DAVID RANSOM (herein as "Defendants"), desire to resolve, settle and agree to dismiss with prejudice all claims and all issues raised in or by the Complaint in the above-captioned action (the "Lawsuit"), as well as any other claim or proceeding involving Plaintiff and Defendants without further litigation or adjudication;

WHEREAS, Plaintiff and Defendants have chosen to enter into this Agreement to avoid further proceedings with respect to any and all claims Plaintiff made against Defendants in this Lawsuit or could make in any case or forum and in all other respects to settle, bar and waive any and all claims that Plaintiff has or may have against Defendants;

WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in pleadings in the Lawsuit and any other matter or thing whatsoever;

WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Settlement Agreement and General Release (hereinafter the "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants or any other person or entity of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and the parties understand and agree that Plaintiff's assent to this Agreement shall not be construed in any way to be an admission by Plaintiff of any wrongdoing or non-compliance; and,

WHEREAS, the Lawsuit between Plaintiff and Defendants shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Final Dismissal with Prejudice to be executed by counsel for Plaintiff and counsel for Defendants, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Plaintiff's Commitment**

In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees as follows: Plaintiff will execute all documents, including, but not limited to, the Stipulation and Order of Final Dismissal with Prejudice, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown complaints, suits, actions, charges, claims or proceedings against Defendants relative to any matter of any kind whatsoever existing or which could exist as of the date of the execution of this Agreement;

2. **General and Unlimited Release of All Claims by Both Parties.**

3. Plaintiff and Defendants hereby mutually release and forever discharge each other and each of their affiliates, subsidiaries, parent corporation and their respective agents, present and former directors, officers, executives, employees, shareholders, and/or successors in interest, attorneys, heirs and assigns from any and all matters, claims, complaints, charges, demands, damages, causes of action, debts, liabilities, controversies, judgments, and suits of every kind and nature whatsoever as of the date of this Agreement, including but not limited to those arising out of Plaintiffs' employment with Defendants and the termination of such employment.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff, including the general and unlimited release of all claims that the Plaintiff has or may have against Defendants, Defendants agree to pay Michael C. Butler the gross total sum of Fifty-Five Thousand Dollars ($55,000.00). The settlement breakdown is as follows:

(b) Payment of Wages: $12002.31. The foregoing amount is stated in its gross amount, shall constitute wages, shall be subject to all customary deductions and withholdings, and shall be report on IRS Form W-2.

(c) Payment of Additional Amounts: $ 24,008.21 The foregoing payment shall constitute compensation for Plaintiff's alleged injury.

(d) Payment of Attorneys' Fees & Expenses: $18, 989.48. The foregoing payment shall be constitute payment of attorneys' fees and expenses to Law Offices of Lauren Goldberg PLLC.

(e) Defendants will pay The Payments in the following manner:

i    By or before March 24, 2015, Defendants will make the initial payment of Twenty Thousand Nine Hundred Ninety Seven Dollars and Sixty Nine Centers ($ 20,997.69). This payment shall be made by two checks- one made payable to Michael Butler and one check made payable to Lauren Goldberg, Esq.

ii    With respect to the remaining outstanding balance, Defendants will make monthly installments which will commence on or by April 10, 2015. The payments will be as follows:

    <u>Monthly installment #1 shall be made by or before April 10, 2015.</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ( $1250) and one check made payable to Lauren Goldberg, Esq in the amount of One Thousand Two Hundred Fifty Dollars ( $1250).

    <u>Monthly installment #2 shall be made by or before May 10, 2015</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ( $1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ( $1250).

    <u>Monthly installment #3 shall be made by or before June 10, 2015.</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ( $1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ( $1250)

    <u>Monthly installment #4 shall be made by or before July 10, 2015.</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ( $1250) and one check made payable to Lauren Goldberg, Esq in the amount of One Thousand Two Hundred Fifty Dollars ( $1250).

Monthly installment #5 shall be made by or before August 10, 2015. This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ( $1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ( $1250)

Monthly installment #6 shall be made by or before September 10, 2015. This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ( $1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ($1250).

Monthly installment #7 shall be made by or before October 10, 2015. This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ( $1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ( $1250).

Monthly installment #8 shall be made by or before November 10, 2015. This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ( $1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ( $1250)

Monthly installment #9 shall be made by or before December 10, 2015. This payment shall be made by two checks- one made payable to Michael Butler in the

amount of One Thousand Dollars ( $1000) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Dollars ( $1000)

Monthly installment #10 shall be made by or before January 10, 2016 This payment shall be made by one check made payable to Michael Butler in the amount of Two Thousand Five Hundred Dollars ( $2500) less any applicable taxes that Defendants need to deduct for Plaintiff's W-2.

Monthly installment #11 shall be made by or before February 10, 2016. This payment shall be made by one check made payable to Michael Butler in the amount of Two Thousand Five Hundred Dollars ( $2500) less any applicable taxes that Defendants need to deduct for Plaintiff's W-2

Monthly installment #12 shall be made by or before March 10, 2016. This payment shall be made by one check made payable to Michael Butler in the amount of Two Thousand Five Hundred Dollars ( $2500) less any applicable taxes that Defendants need to deduct for Plaintiff's W-2

Monthly installment #13 shall be made by or before April 10, 2016 This payment shall be made by one check made payable to Michael Butler in the amount of Two Thousand Five Hundred Dollars ( $2500) less any applicable taxes that Defendants need to deduct for Plaintiff's W-2

Monthly installment #14 shall be made by or before May 10, 2016 This payment shall be made by one check made payable to Michael Butler in the amount of Two Thousand and Two Dollars and Thirty One Cents ( $2002.31) less any applicable taxes that Defendants need to deduct for Plaintiff's W-2

iii. Each payment shall be sent to the Law offices of Lauren Goldberg at 65 Broadway, 7th Floor, New York, New York 1006. If Lauren Goldberg changes her office address, she will notify Defendants' counsel by email and inform them of her new address. Any subsequent payments will be mailed to her new office address

iv. Calvin Clark shall be a personal guarantor to this agreement and will sign a Confession of Judgment for the settlement amount of this agreement

v. 1099 forms will be issued to Plaintiff and to his attorney, Law Offices of Lauren Goldberg, PLLC (Tax ID No. 01-0933574).

vi. If the defendants fail to make a payment as herein set forth above, defendants shall be deemed to be in default and plaintiff shall give notice to defendants of the default by first class mail to Gerald P. Douglas, Esq., of Douglas & Associates, P.C., with office and post office address at 4517 Avenue D, Suite 200, Brooklyn New York 112013.

vii. If defendants fail to cure within seven (7) days of notice of default having received, the full amount then outstanding shall become due.

     **5.** **Enforcement of this Agreement.** The parties may enforce the terms of this Settlement in this Court against each Defendant. If payment is not made pursuant to paragraph 3 of this Agreement and Plaintiff is required to enforce the terms of this Agreement, the parties expressly agree that the Plaintiff will be entitled to their attorneys fees in enforcing the terms of this settlement in collecting any Judgment obtained against Defendants. Plaintiff will also be entitled to interest at the U.S. Treasury rate from the date of default should Defendants default under the terms of this Settlement

     **6.** **Severability and Modification.** This Agreement may not be modified, altered or amended, except upon written consent of each of the parties hereto. Should any

provision of this Agreement be held invalid or unenforceable by a Court of competent jurisdiction, the parties agree that the remaining provisions shall remain in full force in effect

7. **Non Disclosure** Neither plaintiff or defendants shall disclosed or caused to be disclosed the terms of this stipulation or negotiations leading to it to any person, entity, or agency (other than with their attorneys, accountants and or a close immediate relative), except pursuant to a lawful subpoena or otherwise required by law.

8. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

9. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or pdf copy shall, for all purposes, be deemed an original and in full force and effect. This Agreement will not become enforceable until executed by all parties.

10. **Execution.**

   a) The Plaintiff confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement and was not caused to sign this Agreement without the opportunity for or actual consultation with counsel.

   b) All parties hereby acknowledge that they have the right to consult an attorney and that they have specifically consulted their attorneys with respect to the terms and conditions of this Agreement. All

parties further acknowledge that they fully understand this Agreement and the effect of signing and executing the Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below.

Dated: _____, 2015

_____
Michael C. Butler

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF NEW YORK )

On this \_\_\_\_\_ day of March , 2015 before me personally came **Michael Butler**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: March 23, 2015        By: _____[signature]_____
                                  Calvin Clark, Owner of Navada's Bar & Lounge, LLC d/b/a Mo's Fort Green

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

On this __23__ day of March, 2015 before me personally came **Calvin Clark,** to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same.

_____
Notary Public

GERALD PETER DOUGLAS
Notary Public, State of New York
No. 02DO6006183
Qualified in Kings County
Commission Expires 4/27/2018

Dated: _Mar 23_, 2015        By: _David Ransom_____
                                    David Ransom

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

On this __23__ day of March, 2015 before me personally came **David Ransom,** to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same

_____
Notary Public

GERALD PETER DOUGLAS
Notary Public, State of New York
No. 02DO6006183
Qualified in Kings County
Commission Expires 4/27/2018

Dated: _3-23_, 2015          By: _____
                                    James Daniels

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

On this __23__ day of March, 2015 before me personally came **James Daniels,** to me known and known to me to be the person described and who executed the foregoing

Settlement Agreement, General Release and Waiver, and he duly acknowledged to me that he executed the same.

_____
Notary Public

        GERALD PETER DOUGLAS
    Notary Public, State of New York
          No. 02DO6006183
      Qualified in Kings County
    Commission Expires 4/27/20__

So Ordered:

_____            March ___, 2015
Magistrate Judge Vera M. Scanlon
United States District Court Judge

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
Michael Butler,

                         Plaintiff,

                                                                                               Index No.

           -against-

Calvin Clark

                        Defendant
------------------------------------------------------------------------X

STATE OF NEW YORK)
                                  ss:
COUNTY OF KINGS)

    Calvin Clark, being duly sworn, deposes and says:

    1. I am an individual, currently residing at 4 Fort Greene Place, Brooklyn New York 11217.

    2. I hereby confess judgment herein and authorize entry thereof against me in the sum of fifty five thousand dollars ($ 55,000.00) or such lesser sum as the Plaintiff shall authorize.

    3. I authorize entry of the judgment in Supreme Court, which is the county in which I reside.

    4 This Confession of Judgment is for a debt justly to become due to the Plaintiff arising out of the following facts:

        a. On or about March 1, 2014, Plaintiff commenced a lawsuit in the United States District Court for the Eastern District of New York, captioned *Michael Butler v Navada's Bar and Lounge, LLC d/b/a Mo's Fort Greene and/or Mo's, Calvin Clark, James Daniels & David Ransom, 14*

1

  *CV 1372 (MKB)(VMS)* ("The Lawsuit") in which I was named as a defendant and the bar/restaurant in which I owned was also named as Defendant. In his Complaint, plaintiff alleged that I failed to pay him proper wages and that I fired him in retaliation for complaining about not receiving his wages. Plaintiff also alleged that one of the supervisor assaulted him. The Plaintiff sought back wages, front pay, compensation for pain and suffering, punitive and liquidated damages, and attorneys' fees.

b. Although I and the other defendants denied liability, we became convinced that we were at risk for a significant jury verdict against some or all of us, and that we would additionally have to pay very substantial attorneys fees to our counsel to defend the claims. In addition, we would be liable for plaintiff's attorneys' fees if he were to prevail.

c. All the defendants and their representative agreed that the Lawsuit should be settled under terms that included, without limitation, that defendants would pay Plaintiff a total of fifty five thousand dollars ($ 55,000). However, defendants required more than six months' time to pay the full settlement sum.

d. Plaintiff was reluctant to accept a payout over time and concerned about whether he would receive the full amounts due him under the Settlement Agreement. In order to induce Plaintiff to accept a payout over more than six months' time, and to provide Plaintiff with assurance that he would

2

recover the settlement sums, I agreed to sign and provide to Plaintiff a

confession of judgment

e. The parties subsequently entered into a formal settlement agreement on or

about _____, 2015 ("the Settlement Agreement").

f. The obligation to pay plaintiff fifty five thousand dollars ($ 55,000.00) is

set forth in paragraph 4 of the Settlement Agreement as follows:

5. Consideration.
   a. In exchange for the promises made herein by Plaintiff, including the general and unlimited release of all claims that the Plaintiff has or may have against Defendants, Defendants agree to pay Michael C. Butler the gross total sum of Fifty-Five Thousand Dollars ($55,000.00), as set forth below:
   b. The Payments shall be made in the following manner:
      i. By or before March 24, 2015, Defendants will make the initial payment of Twenty Thousand Nine Hundred Ninety Seven Dollars and Sixty Nine Centers ($ 20,997.69). This payment shall be made by two checks- one made payable to Michael Butler in the amount of Thirteen Thousand and Eight Dollars and Twenty One Cents ($13,008.21) and one check made payable to Lauren Goldberg, Esq in the amount of Seven Thousand Nine Hundred Eighty Nine Dollars and Forty Eight Cents ($ 7989.48).
      ii With respect to the remaining outstanding balance, Defendants will make monthly installments which will commence on or by April 10, 2015 The payments will be as follows:
      iii. Monthly installment #1 shall be made by or before April 10, 2015 This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ($1250) and one check made payable to Lauren Goldberg, Esq in the

3

    amount of One Thousand Two Hundred Fifty Dollars ( $1250).

iv. <u>Monthly installment #2 shall be made by or before May 10, 2015</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ($1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ( $1250).

v. <u>Monthly installment #3 shall be made by or before June 10, 2015</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ($1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ( $1250)

vi. <u>Monthly installment #4 shall be made by or before July 10, 2015</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ($1250) and one check made payable to Lauren Goldberg, Esq in the amount of One Thousand Two Hundred Fifty Dollars ( $1250).

vii <u>Monthly installment #5 shall be made by or before August 10, 2015</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ($1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ( $1250).

viii <u>Monthly installment #6 shall be made by or before September 10, 2015</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ($1250) and one check made payable to Lauren Goldberg,

        Esq. in the amount of One Thousand Two Hundred Fifty Dollars ($1250).

ix. <u>Monthly installment #7 shall be made by or before October 10, 2015.</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ($1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ($1250)

x. <u>Monthly installment #8 shall be made by or before November 10, 2015.</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Two Hundred Fifty Dollars ($1250) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Two Hundred Fifty Dollars ($1250)

xi. <u>Monthly installment #9 shall be made by or before December 10, 2015.</u> This payment shall be made by two checks- one made payable to Michael Butler in the amount of One Thousand Dollars ($1000) and one check made payable to Lauren Goldberg, Esq. in the amount of One Thousand Dollars ($1000).

xii. <u>Monthly installment #10 shall be made by or before January 10, 2016.</u> This payment shall be made by one check made payable to Michael Butler in the amount of Two Thousand Five Hundred Dollars ($2500) less any applicable taxes that Defendants need to deduct for Plaintiff's W-2.

xiii. <u>Monthly installment #11 shall be made by or before February 10, 2016.</u> This payment shall be made by one check made payable to Michael Butler in the amount of Two Thousand Five Hundred Dollars ($2500) less any applicable taxes that Defendants need to deduct for Plaintiff's W-2.

xiv. <u>Monthly installment #12 shall be made by or before March 10, 2016.</u> This

        payment shall be made by one check made payable to Michael Butler in the amount of Two Thousand Five Hundred Dollars ( $2500) less any applicable taxes that Defendants need to deduct for Plaintiff's W-2.

xv. <u>Monthly installment #13 shall be made by or before April 10, 2016</u> This payment shall be made by one check made payable to Michael Butler in the amount of Two Thousand Five Hundred Dollars ( $2500) less any applicable taxes that Defendants need to deduct for Plaintiff's W-2.

xvi. <u>Monthly installment #14 shall be made by or before May 10, 2016</u> This payment shall be made by one check made payable to Michael Butler in the amount of Two Thousand and Two Dollars and Thirty One Cents ( $2002.31) less any applicable taxes that Defendants need to deduct for Plaintiff's W-2.

xvii Each installment shall be payable to the Law Offices of Lauren Goldberg, PLLC and will be delivered to her office address at 65 Broadway, 7th Floor, New York, New York 1006  If Lauren Goldberg changes her office address, she will notify Defendants' counsel by email and inform them of her new address Any subsequent payments will be mailed to her new office address.

6  As it is clear that the plaintiff is owed fifty five thousand dollars ($ 55,000.00) pursuant to the Settlement Agreement, the fifty five thousand dollars ($ 55,000.00) that I hereby confess does not exceed the amount that would become justly due to Plaintiff.

7. Therefore, if I or the other defendants fail to timely make any of the payments required by paragraph 4 of the Settlement Agreement, I authorize the plaintiff to enter judgment against me personally in the amount of fifty-five thousand dollars ($55,000.00)

6

8. In connection with the Lawsuit and this confession of judgment, I have at all times been represented by counsel of my choosing. My counsel has thoroughly explained to me the consequences of signing this confession of judgment. I am an experienced businessman and I understand all the consequences of signing this confession of judgment.

9. This affidavit is not made in connection with an agreement for the purchase of $1,500 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments.

*[signature]*

CALVIN CLARK

Sworn to before me this
1st day of April, 2015

*[signature]*

Notary Public

GERALD PETER DOUGLAS
Notary Public, State of New York
No. 02DO6006183
Qualified in Kings County
Commission Expires 4/27/2018

7